UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSURANCE COMPANY OF GREATER NEW YORK, | **COMPLAINT FOR DECLARATORY RELIEF** |
| Plaintiff, | Civil Case No.: |
| -against- | |
| KOOKMIN BEST INSURANCE COMPANY, LTD., | |
| Defendant. | |

The Insurance Company of Greater New York ("GNY"), by and through its undersigned attorneys, as and for its Complaint against Kookmin Best Insurance Company, Ltd. ("KBIC"), alleges:

## THE PARTIES

1. GNY is an insurance company formed under the laws of the State of New York, has a principal place of business in New York, and is licensed to issue insurance policies within the State of New York.

2. Upon information and belief, KBIC is a corporation organized under the laws of New York with a principal place of business in Ridgefield Park, New Jersey.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that it is between citizens of different states and amount in controversy exceeds $75,000.00.

6. Venue lies in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the underlying lawsuit is venued in New York State Supreme Court, County of Queens.

## THE LAWSUIT

7. At all times relevant, Court & Pacific, LLC ("Court & Pacific") owned the premises located at 988 Franklin Avenue, Garden City, New York ("Premises").

8. At all times relevant, Zen Garden Japanese Restaurant d/b/a Kinha Sushi ("Zen") leased the Premises for the operation of a restaurant.

9. On March 2, 2022, Wang filed suit against Court & Pacific entitled *Wang v. Court & Pacific LLC*, New York Supreme Court, Queens County, Index No. 704560/2023 (the "Lawsuit").

10. Baoxia Wang ("Wang") alleges that on November 14, 2021, they sustained injuries when they could not grip the handle on external stairs on the Premises and fell backward down the stairs.

11. In the Lawsuit, Wang alleges that they sustained injuries after falling down the stairs on November 14, 2021, which was the result of the negligence of Court & Pacific.

## THE RELEVANT CONTRACTS

12. On May 22, 2007, Twenty-Three Realty, LLC ("Twenty-Three"), as Owner or Landlord, and DK Management Company of New York, LLC ("DK Management"), entered into a Lease Agreement (the "Lease") for use of the Premises.

13. The Lease states:

2

<u>Condition of Premises:</u> Tenant has inspected the Premises and all property contained therein and accepts same "AS IS". Landlord makes no representation or warranties as to the condition of the Premises and the delivery of the premises to Tenant shall be without any improvements or repairs by Landlord. Tenant hereby accepts the leased premises in "as is" condition and assumes the full and sole responsibility for the condition, repair, replacement, maintenance improvements and management of the leased premises.

14. The Lease states:

    <u>Tenant Obligations</u> Throughout the Term of this Lease and any renewal option, Tenant, at its sole cost and expense, will take good care of the Premise including but not limited to the fixtures and personal property appurtenant thereto, the sidewalks, and curbs adjoining the Premises and will keep the same in good and first class condition, and make all necessary repairs thereto, exterior and interior, and nonstructural ordinary and foreseen and unforeseen. . . Tenant shall be obligated to keep repaired and maintained during the Term, among other things, . . . (iii) fixtures, . . . and (vi) any and all other appurtenances of the Premises. . .

15. The Lease states:

    <u>Sidewalk</u> Tenant shall put, keep and maintain all portions of the Premises and the sidewalks, curbs and passageways adjoining the same in clean and orderly condition, free of dirt, rubbish, snow, ice and unlawful obstructions.

    Except as otherwise provided in this Lease, Landlord shall not be required to furnish any services or facilities to make any repairs or alterations in or to the building. Except as otherwise provided in this Lease, Tenant hereby assumes the full and sole responsibility for the condition, repair, replacement, maintenance and management of the Premises.

16. The Lease states:

    <u>Indemnity and Insurance</u> (a) Tenant agrees to indemnify, defend and save and hold Landlord and Landlord's agents, independent contractors, successors and assigns, harmless against any and all liabilities, loses, costs and expenses (including, without limitation, any and all attorneys' fees and court costs through trial and appeal) arising from or in way connected with any acts, omissions, negligent or fault of Tenant, or any of Tenant's agents, invitees, licensees, representatives, successors or assigns, including but not limited to any Default (hereinafter defined), or any death, personal injury or property damage occurring in or about the Leased Premises.

17. The Lease states:

> (b) Tenant shall during the Term, at Tenant's cost and expense, keep in full force and effect a policy of public liability Insurance, including workmen's compensation coverage, and property damage insurance, with respect to all matters which arise in connection with Tenant's operation of the Premises. . . The insurance policy or policies required to be maintained by Tenant under this agreement shall name Landlord, Landlord's designee and Tenant as insured, . . .

18. On October 28, 2010, DK Management assigned its interests and obligations in the Lease to Zen (the "Assignment").

19. On October 8, 2021, Twenty-Three sold its right, title and interest in the Premises to Court & Pacific. As part of the sale, Twenty-Three assigned its interests and rights in the Lease to Court & Pacific ("Assumption").

20. GNY issued Commercial General Liability Policy No. 6131M20450 to Court & Pacific, effective October 8, 2021 to September 1, 2022 (the "GNY Policy").

21. November 14, 2021 falls within the policy period of the GNY Policy.

22. GNY is providing defense coverage to Court & Pacific in connection with the Lawsuit under the terms of the GNY Policy.

23. Upon information and belief, Zen is insured under commercial general liability policy number 31CP00004021101 issued by KBIC, effective from November 4, 2021 to November 4, 2022 (the "KBIC Policy").

24. On information and belief, November 14, 2021 falls within the policy period of the KBIC Policy.

25. On information and belief, Court & Pacific is an additional insured under the KBIC Policy.

26. GNY provided written notice of the Lawsuit to KBIC.

27. In the written notice, GNY requested that Court & Pacific be provided with primary defense and indemnity coverage under the KBIC Policy in connection with the Lawsuit.

28. GNY also requested that KBIC acknowledge common law and contractual indemnification obligations owed by Zen to Court & Pacific in relation to the Lawsuit.

29. KBIC has failed to accept the tender for defense and indemnification of Court & Pacific.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT – DUTY TO DEFEND)

30. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

31. Upon information and belief, Court & Pacific meets the definition of an additional insured under the KBIC Policy.

32. Upon information and belief, the liability alleged in the Lawsuit falls within the scope of defense coverage available to Court & Pacific under the KBIC Policy.

33. Upon information and belief, the allegations against Court & Pacific in the Lawsuit are not excluded from defense coverage under the KBIC Policy, and KBIC has not raised the potential applicability of any exclusionary clause to bar defense coverage for Court & Pacific.

34. Upon information and belief, all conditions precedent to defense coverage under the KBIC Policy as related to Court & Pacific are met, and KBIC has not raised the potential applicability of any condition precedent as a bar to defense coverage for Court & Pacific.

35. Upon information and belief, the KBIC Policy applies on a primary basis for the defense coverage available to Court & Pacific in connection with the Lawsuit, with the GNY Policy applying in excess of the KBIC Policy.

36. Upon information and belief, KBIC has waived and/or is estopped from raising any coverage defenses it may have under the KBIC Policy pursuant to New York Insurance Law § 3420(d) and common law.

37. An actual dispute and controversy exist between the parties hereto concerning KBIC's defense obligation owed to Court & Pacific under the KBIC Policy.

38. The parties have no adequate remedy at law.

39. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

AS AND FOR A SECOND CAUSE OF ACTION
(DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

40. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

41. Upon information and belief, Court & Pacific meets the definition of an additional insured under the KBIC Policy.

42. Upon information and belief, the liability alleged in the Lawsuit falls within the scope of indemnity coverage available to Court & Pacific under the KBIC Policy.

43. Upon information and belief, the allegations against Court & Pacific in the Lawsuit are not excluded from indemnity coverage under the KBIC Policy, and Court & Pacific has not raised the potential applicability of any exclusionary clause to bar indemnity coverage for Court & Pacific.

44. Upon information and belief, all conditions precedent to indemnity coverage under the KBIC Policy as related to Court & Pacific are met, and KBIC has not raised the potential applicability of any condition precedent as a bar to indemnity coverage for Court & Pacific.

45. Upon information and belief, the KBIC Policy applies on a primary basis for the indemnity coverage available to Court & Pacific in connection with the Lawsuit.

46. Upon information and belief, KBIC has waived and/or is estopped from raising any coverage defenses it may have under the KBIC Policy pursuant to New York Insurance Law §

3420(d) and common law.

47. An actual dispute and controversy exist between the parties hereto concerning KBIC's indemnification obligation owed to Court & Pacific under the KBIC Policy.

48. The parties have no adequate remedy at law.

49. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

AS AND FOR A THIRD CAUSE OF ACTION
(REIMBURSEMENT – DEFENSE-RELATED COSTS AND EXPENSES)

50. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

51. Upon information and belief, KBIC wrongfully failed to provide defense coverage to Court & Pacific for the Lawsuit on a primary basis.

52. Upon information and belief, KBIC's failure to afford defense coverage to Court & Pacific for the Lawsuit on a primary basis breached the terms of the KBIC Policy.

53. As a direct and proximate result of KBIC's failure to provide defense coverage in violation of its obligations set forth in the KBIC Policy, Court & Pacific has incurred and GNY has paid defense-related costs and expenses.

54. KBIC is liable to pay damages in the form of all defense-related costs and expenses that GNY has paid on behalf of Court & Pacific in connection with the Lawsuit, from the date of initial tender to present, plus interest.

AS AND FOR A FOURTH CAUSE OF ACTION
(EQUITABLE CONTRIBUTION – DUTY TO DEFEND)

55. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

56. GNY has paid, and likely will continue to pay, substantial amounts of money in

connection with the defense of Court & Pacific in connection with the Lawsuit.

57. Upon information and belief, KBIC has an obligation to provide, among other things, primary defense coverage to Court & Pacific in connection with the Lawsuit, and to pay an equitable portion of the defense-related costs and expenses incurred by GNY on behalf of Court & Pacific in connection with the Lawsuit.

58. GNY is entitled to, and KBIC is liable for, equitable contribution from KBIC with respect to KBIC's equitable share of all defense-related costs and expenses that have been or will be incurred on behalf of Court & Pacific in connection with the Lawsuit.

WHEREFORE, GNY respectfully requests that the Court enter judgment:

1. Declaring that KBIC owes primary duties to defend and indemnify Court & Pacific in connection with the Lawsuit;

2. Ordering KBIC to pay damages in an amount to be proven at trial;

3. Ordering KBIC to reimburse any overpayment of defense-related costs and expenses incurred on behalf of Court & Pacific, and paid by GNY, in connection with the Lawsuit;

4. Ordering KBIC to pay interest under Article 50;

5. Ordering KBIC to pay costs under Article 50; and

6. Awarding reasonable attorneys' fees, costs, interests and disbursements to GNY plus interest; and

7. Ordering such other and further relief as this Honorable Court deems just, equitable and proper including interest, costs and attorneys' fees.

|  |  |
|---|---|
| Dated:  Rocky Hill, Connecticut<br>February 27, 2024 | GERBER CIANO KELLY BRADY LLP<br><br>/s/ *Kelly E. Petter*<br>Kelly E. Petter, Esq.<br>**Office Address**<br>*100 Corporate Place, Suite 210*<br>Rocky Hill, CT 06067<br>Phone (860) 516-9144<br>Fax (860) 516-9191<br><br>**Mailing Address**<br>PO Box 160<br>Buffalo, NY 14201 |